PER CURIAM.
Florida Power Corporation (FPC) challenges a compensation order awarding bad faith attorney’s fees to appellee Ussery under section 440.34(3)(b), Florida Statutes (1987): “For the purposes of this paragraph, the term bad faith means conduct by the earner in the handling of a claim which amounts to fraud; malice; oppression; or willful, wanton or reckless disregard of the rights of the claimant.”
As interpreted by this court, the bad faith standard encompasses “a carrier’s passive delay or denial of payment of benefits without a showing of active effort and initiative by the carrier to place the benefits due in the hands of the claimant.” Volusia Memorial Park v. White, 549 So.2d 1114, 1117 (Fla. 1st DCA 1989). Our review of the record in this case convinces us that FPC did not fail to apprise itself of the status and merits of Ussery’s permanent total disability claim. Also, during FPC’s investigation of the permanent total disability claim, FPC continued to provide all appropriate indemnity and medical benefits due to Mr. Ussery. FPC, through its trained rehabilitation provider, Mr. Heitler, identified no fewer than 13 positions available for Mr. Ussery, many of which provided on-the-job training programs. In fact, Heitler eventually placed Ussery in such an on-the-job training program after Us-sery’s treating psychiatrist established an MMI date of September 10, 1992. Also, the psychiatrist, even after assigning an MMI date and increasing claimant’s permanent impairment rating, continued to be supportive of claimant’s efforts to return to work as late as February 1993. It was not until the May 4, 1993 treatment note that the psychiatrist indicated that Ussery “is certainly in no condition at the present time to get back into the work force.” FPC received this report on May 21, 1993, and on the same day administratively accepted claimant as permanently and totally disabled. We find an absence of evidence that FPC knew or should have known that Ussery was permanently and totally disabled before this date, and accordingly REVERSE the order of bad faith attorney’s fees.
BARFIELD and KAHN, JJ., and SHIVERS, Senior Judge, concur.